IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No.   24cv1310 |
| $1,085,931.11 FROM FLAGSTAR BANK ACCOUNT IN THE NAME OF LCEPURE TRADE INC. AND ENDING IN 2171, | |
| Defendant. | |

## **VERIFIED COMPLAINT FOR FORFEITURE**

AND NOW comes the United States of America, by and through its counsel, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Jeffrey R. Bengel, Assistant United States Attorney for the Western District of Pennsylvania, and respectfully represents as follows:

1.      Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of the following property, further described at asset identification number 24-USSS-000281 (the "Defendant Property") pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C):  $1,085,931.11 from a Flagstar Bank account in the name of LCEpure Trade Inc. and ending in 2171.

2.      Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355.   Venue is proper under 28 U.S.C. §§ 1395 and 1355.

3.      On May 15, 2024, pursuant to a federal seizure warrant, the United States Secret Service ("USSS") seized the Defendant Property, and it remains in the custody of the USSS.

4.      The USSS discovered the Defendant Property during the investigation of a "Pig Butchering" scheme targeting victims in the Western District of Pennsylvania and elsewhere.

"Pig Butchering" schemes are a type of long-term investment fraud.   As part of the scheme, perpetrators make contact with victims, usually over the internet.   Through sustained communication and social engineering, the perpetrators convince the victims to "invest" significant sums of money in various products, often involving cryptocurrency.   In reality, the perpetrators do not invest the victims' money, but rather steal it and use it for their own purposes. The victim receives nothing in return for their "investment."   In many cases, the proceeds of the fraud are transferred to perpetrators located overseas.

5.     A.J., a resident of the Western District of Pennsylvania, was the victim of a Pig Butchering scam.   In 2023, he was contacted over the internet by an individual using the name Alyssa Jones and screen name Snow Chen.   A.J. believed that he was in a romantic relationship with this individual, who also fraudulently persuaded him to "invest" in cryptocurrency.   As a result of the fraud, A.J. transferred approximately $250,000 of his own money, via wire transfers and cashier's checks, to individuals and locations as directed by "Jones" / "Chen."

6.     One of the accounts to which A.J. was requested to send money was a Cathay Bank checking account in the name of LCEpure Trade Inc.   Through its investigation, USSS also identified an account ending in 2171, held at Flagstar Bank in the name of LCEpure Trade Inc.   As described below, the records from that account reveal large transfers from other victims of Pig Butchering and investment scams, including W.G., V.G., J.A., J.L., J.R., and G.K.

7.     W.G. and V.G. are a married couple residing in Florida.   V.G. had been contacted on Facebook by a group claiming to teach a weeklong investment seminar.   Between December 2023 and January 2024, W.G. and V.G. were fraudulently induced to transfer hundreds of thousands of dollars from accounts under their control into purported cryptocurrency

investments.   As part of that fraud, on January 11, 2024, W.G. and V.G. transferred $100,000 to the Flagstar Bank account ending in 2171.

8.      J.A. is an individual living in Georgia.   In two wire transfers made on January 8 and 10, 2024, J.A. sent $499,943.80 to the Flagstar Bank account ending in 2171.   J.A. stated that he believed he was investing in certain merchandise, including old servers and electronic power supplies.   J.A. is retirement age and has received nothing in return for his "investment."

9.      J.L. is an 80-year-old resident of Virginia.   J.L. was contacted online by an individual purporting to be a Florida-based financial planner named Richard Nas.   "Nas" fraudulently induced J.L. to transfer $81,000 on January 8, 2024, to the Flagstar Bank account ending in 2171, based on a lie that J.L. was investing in cryptocurrency.

10.      J.R. is a resident of New York.   In 2023, J.R. began communicating online with an individual who used the name "Sabina Schneider" and purported to be an investor in cryptocurrency.   J.R. transferred funds to a website identified by "Schneider," who subsequently informed him—falsely—that he owed money for fees on his investment profit.   Based on that misrepresentation, J.R. transferred $400,000 of his own money to locations identified by "Schneider," including $50,698 on January 9, 2024, to the Flagstar Bank account ending in 2171.

11.      G.K. is an elderly resident of Texas.   In early 2024, G.K. was contacted online by an individual who he believed to be a woman living in Fort Lauderdale, Florida.   The individual persuaded G.K. to transfer $78,000 to the Flagstar Bank account ending in 2171 on January 8, 2024.   G.K. believed that he was investing in cryptocurrency.

12.      On or about January 10, 2024, Flagstar Bank froze the Flagstar Bank account ending in 2171.   That account had been opened on or about October 20, 2023, in the name of

MingMing Qui of Hangzhou City, Zhejiang Province, China.   An analysis by USSS identified several large international wire transfers to accounts in Hong Kong.

13.     The USSS seized the funds in the Flagstar Bank account ending in 2171 on May 15, 2024.   The Defendant Property represents the funds in that account at the time of the seizure.

14.     The Defendant Property represents proceeds generated from wire fraud, in violation of 18 U.S.C. § 1343, and involved in money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

15.     By reason of the foregoing, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

WHEREFORE, the United States respectfully requests that process of a warrant *in rem* issue for the arrest of the Defendant Property; that judgment of forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


 */s/ Jeffrey R. Bengel*
JEFFREY R. BENGEL
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
DC ID No. 1018621

<u>VERIFICATION</u>

I am a Special Agent of the United States Secret Service, and the case agent assigned the responsibility for this case.   I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.   Executed on this 16th day of September, 2024.


 */s/ John Roginski*
John Roginski, Special Agent
United States Secret Service

6